UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60061-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff(s),

VS.

DANE RAY SWINDELL,

    Defendant(s).
_____/

FILED by ___R.G.___ D.C.

March 22, 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## ORDER OF CONDITIONAL RELEASE

THIS CAUSE having come on to be heard pursuant to 18 U.S.C. §4243 regarding Defendant, Dane Ray Swindell's dangerousness after having previously been found not guilty only by reason of insanity, it is hereby:

ORDERED and ADJUDGED that the defendant is not now a danger to himself, others or property and that he does not meet the criteria for commitment pursuant to 18 U.S.C. §4243, it is therefore:

FURTHER ORDERED and ADJUDGED that Mr. Swindell is to be released from custody with the following conditions:

1. Mr. Swindell shall report, in person, to the probation office within 72 hours of his release.

2. Mr. Swindell shall report any change in residence to the probation officer before it occurs or on the date occurs.

3. Mr. Swindell shall maintain active participation and a regiment of outpatient mental health treatment as directed by the probation officer.

4. Mr. Swindell shall continue to take the medication prescribed for him by the medical provider. The medical provider may require the defendant to take medication by injection.

U.S.A. vs. Dane Ray Swindell
Case No. 05-60061-CR-MOORE

5.  Mr. Swindell shall waive his right to confidentiality regarding his mental health treatment and/or drug treatment in order to allow for the sharing of information with the probation officer will be assigned in evaluating defendants ongoing appropriateness for community placement and shall execute the appropriate release of information forms as directed.

6.  Upon the recommendation of the treatment provider, the defendant is to voluntarily admit himself to a hospital for treatment. If he refuses, involuntary procedures should be implemented and he should be hospitalized forth with including state civil commitment, if required. A local or state hospital should be utilized if possible. If a local or state facility is unavailable, to ensure the safety of others in the defendant, the probation officer shall contact the court for further instruction and possible designation or returned to federal custody.

7.  Mr. Swindell shall not have been his possession, at any time, an actual or imitation fire on, destructive device, or other deadly weapon.

8.  Mr. Swindell shall abstain from the use of alcohol, illegal narcotics substances, or drugs which are not lawfully prescribed by the treatment provider or an attending physician .

9.  Mr. Swindell may be required to participate in a program approved by the United States Probation Office for substance abuse testing and/or treatment.

10. Mr. Swindell shall be restricted from travel outside of the Western District of Tennessee without first obtaining prior approval from the United States Probation Office.

11. Mr. Swindell shall be released with at least 60 days worth of psychotropic medication (as well as his other medications) upon his release from custody by the Bureau of Prisons in order to ensure that his mental well-being and health are maintained during his transition back into the community.


U.S.A. vs. Dane Ray Swindell
Case No. 05-60061-CR-MOORE

DONE and ORDERED in Chambers at Miami, Florida this 22nd day of March, 2006.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Anthony Natale, Supervisory Assistant Federal Public Defender
Richard Getchell, Assistant United States Attorney
Jeffery H. Sloman, Chief, Criminal Division, U.S. Attorney's Office
United States Marshal (3 cert copies)